IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MALRIK C. BOOSE,
    Petitioner,

vs.                                      Case No. 3:08cv456/MCR/EMT

OKALOOSA COUNTY,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk. Petitioner commenced this action by filing a habeas petition under 28 U.S.C. § 2254 (Doc. 1). By order of this court dated November 12, 2008 (Doc. 8), Petitioner was given twenty (20) days in which to provide two complete copies of the habeas petition for service upon Respondent. Petitioner subsequently requested an extension of time to provide the service copies (Doc. 10), which was granted, and Petitioner was given an extension to January 26, 2009 (*see* Doc. 11). Petitioner failed to comply with the order; therefore on January 28, 2009, the court issued an order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 13). The time for compliance with the show cause order has now elapsed and Petitioner has failed to respond or provide services copies of his petition.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED without prejudice** for Petitioner's failure to comply with an order of the court.

At Pensacola, Florida, this 23<u>rd</u> day of February 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**